Good morning, Your Honor, I'm Richard Sagerbloom for the appellant plaintiff at Mercedes Ward. This case involves what we term a retaliatory transfer. My client worked at the Justice Court, which is the lowest level court in Nevada, in Clark County, in Las Vegas. And while she was working there, she was told she was going to get a promotion, then she didn't get the promotion. And she's an African-American woman. She filed a discrimination complaint, as you're supposed to do, when she learned she wasn't going to get that promotion. About six months after that complaint was filed, she was brought into a meeting with her supervisor, the court administrator, a guy named Steve Morris, who told her that she had created a black cloud over the Justice Court, and people were not happy, specifically several judges, were not happy with what she had done. She then went back to the ---- Roberts, I wonder if that's accurate. I ---- there has been ---- it's possible of interpreting that differently, and I just want to be very clear on that. I know you're citing it as evidence of discriminatory animus, but ---- and a basis for retaliation. But if a person did make a claim of this kind of action, indeed, there would be a black cloud that was created by the fact that they had discriminated, that they were being accused of discrimination, that they might be genuinely ashamed of, not ---- not faulting her for it, but pointing out that there is a problem that you've identified in good faith, and we're ---- this has created a black cloud. It's created a problem because we now realize that we may have a problem. Well, and, you know, even with that interpretation, the point is the Court was acknowledging that she had raised an issue which they didn't want to deal with. And if you read her transcript from that meeting, she talks about how he basically said that. You know, these judges are upset because you're bringing attention to us. Here's my problem with this case. It's not so much that. If that were the case, then it may well be that there should be ---- it should go forward. My problem is that the ---- I understand the claim is all boiled down to her ultimate termination. Not termination, transfer. Transfer, rather. I'm sorry, the transfer. And that the complaint was never amended to include the transfer as part of the case. So the transfer is not really in the case, is the problem, because it wasn't in the pleadings. Well, Your Honor, let me just address that issue. You are absolutely correct as far as it was not identified in the complaint. However ---- Or amended afterwards to include it. Right. And as you know, under Rule 15b, you can inherently try issues during the course of a case that were not specifically identified in the complaint. But what happened was, during discovery, this issue came up, was discussed at length in the depositions. There were documents raised. Those documents were actually included with the motion for summary judgment. The transfer itself was raised in the summary judgment motion. So I believe that, whether they intended to or not, they brought the transfer into the case, and so it is a ---- When did you first contend that the transfer was retaliatory and unlawful? Well, she, when it happened, actually wrote a ---- Whoever was representing Ryan. I'm sorry, what? Whoever was representing her. Oh. Well, just he was pro per. When it happened initially in Justice Court, she actually wrote a memo to the boss saying this is retaliatory. She wrote a memo to the Equal Rights Commission, which is REEOC, saying this is retaliatory. So the issue was raised ---- No, I understand that. But in the district court ---- In the lawsuit? Yes. In the lawsuit, it was raised during the deposition on several different cases. No, in to the district court. Oh. The district court, it was raised specifically in the opposition to summary judgment. Yeah. Now, in their summary judgment motion, they refer to the transfer, they attach the document which makes the transfer. At that time, they didn't know that that was the basis for any claim. Well, how could they not know? Because they discussed it at length in the deposition. But they do specifically say in their motion ---- That's what a complaint is for, I thought. Well, the lawsuit was several different things. On appeal, we're just appealing the issue of the retaliatory transfer. Yeah, right. But during the motion, when it was briefed, they raised the issue of the transfer in their motion. They included documents that related to the transfer in their motion. Well, they didn't contend that it was retaliatory. They just ---- did they do more than just raise it as a ---- or point it out as a fact or present it as a fact? Well, they ---- What was their contention with respect to it? Well, they first said their ---- the argument was there was no adverse action. Then they included legal language that dealt with the fact that a transfer is not a ---- does not constitute adverse action that would be actionable. So they also made the comment, we're not sure exactly what she's alleging as retaliatory. So then the reply says the transfer was retaliatory. My ---- the opposition. Your opposition. Right. Yeah. But that's the first time it comes up. But then the summary judgment is granted on the basis that it's not alleged in her complaint. I don't ---- I agree. You think that because it's mentioned in opposition to summary judgment that it should be deemed part of the complaint? And because it was ---- Or does it matter that it isn't in the complaint? Well, right. Because it came up during discovery. It came up in the motion. And again, they referred to a transfer in their motion. They attached the document which creates the transfer in their opposition. Everything legitimately that in a lawsuit like this, I would think that the defendant would want to document everything that happened to the plaintiff, you know, the course of the history of the employment. But that doesn't mean that because the defendant documents that this person was promoted to this level at such-and-such or the transfer to this position, promoted to this, that that means that the plaintiff can then say, oh, yes, that was discriminatory, that was discriminatory, that was discriminatory, in motion's papers. That's what's troubling me. You have to make some affirmative claim that the other side has a right to respond to. Well, that might be true if it never had come up. But again, it was raised and dealt with specifically in the deposition at several different occasions on several different days. The documents where she was told she was being transferred, she said, this is retaliatory. Those were her question and answer about that at length. Her equal rights charge, which was attached to the complaint, does say this retaliation is continuing. Now, if you look at Rule 15b, it says specifically that if you try a case, at the end of the case, issues that come up during the trial can be brought to the jury. You don't have to identify things. You're not limited to what comes up in the complaint. And I think this is an analogy to that situation. This issue came up at length. Okay. Let me – let me – she amended her – she amended her claim or charge to include retaliation. Right. And the retaliation that she included in her amendment was not the transfer. No. It was the letter, right? Right. It was the comment about the black cloud and things that happened. Now, when in the sequence of events did this discussion about transfer or the transfer occur? Do you know? Okay. Her amended charge was filed in August of 2001. In late of 2001, they started coming to her saying, we want you to transfer out of here. In the first of March, she was officially told, you're out of here. And that – was that before or after she got her – the resolution by the commission or whatever it is in the State? That was before. It was before. The – The letter of determination? The transfer. Right. That was before the EEOC made its ruling. Now, while this – while this matter is pending before the EEOC, there's an effort to reconcile these things, right? Right. Transfer might be part of that process, could it not? Absolutely. And – and – okay. Yeah. I mean, it could be in good faith that they wanted to reconcile this. But the fact is, when you – if you look at the facts, and you take the light most favorable to us, if you say that you created a black cloud, then you say we're going to get you out of here. If you – the woman says, no, I don't want to leave. I – but you've been paying me to train here. And they – nevertheless, they say, you're out of here. Can you – can you clarify for me just – I know the time is running out – a couple of dates. First of all, when did – when was she transferred involuntarily? March – early March. March of the second. Of 02. Of 02. And when was the federal complaint filed? I believe it was – Was that in February of 04? 04, right. And – and so it wasn't in the complaint when it was filed? No. Uh-huh. Even though it was almost two years after the event? Right. Do you know why? If you want to know the truth – That's what I'm looking for, yes, generally speaking. I mean, I hate to become a witness, but, you know, basically what happens in these kind of cases, a person comes to you, they have a letter that says you have 90 days to file it, they hand you a stack of stuff, and you look at the documents. There's a charge of discrimination. There's a letter – in this case, there was a letter of determination. You quickly try to rush through and file it. And then all of a sudden, after you're in the middle of the case, you say, oh, my God, here's something else that maybe should have been added. Well, there is a process of amending complaints. Absolutely. You had two years to do that. Absolutely. I'm not denying that. Okay. But the fact is, everybody knew this was an issue, in my opinion. Okay. We understand. Thank you. We have used your time. Good morning, Your Honor. My name is Luther Snavely. I'm here with my co-counsel, Eva Garcia Mendoza, and we represent Clark County. May it please the Court, we ask this Court to affirm the decision of the district court below, granting summary judgment. Your Honor, this is not supposed to be a court of original jurisdiction, and so I ask the Court to note that there's not a single piece or portion of Ward's complaint which is now before the Court. Yet here we are, and we're here because Ward raised a new claim for retaliatory transfer in her opposition to motion for summary judgment. The district court wouldn't allow it, and neither should this Court. The notice, plea, and requirements of the FRCP do not allow a plaintiff to assert new allegations in an opposition which do not appear in her complaint. And that's the Pickering case and the Wittenberg case, which I cite to in my brief. That Ward did just that is undisputed, and so this appeal should be dismissed, and that should really be the end of the analysis. Counsel says that I made some sort of argument regarding retaliatory transfer in my motion for summary judgment. That is not true. There's a citation to, I believe, a case called NIDS in the section of my motion for summary judgment where I argue that there was no adverse employment in the case of NIDS, and there was no adverse employment action taken in regards to Ward's claim for retaliation based on failure to promote. And I give several cases, and I say this is not an adverse employment action, that is not an adverse employment action, and NIDS is just another example of something that was not considered an adverse employment action, that being a transfer. But there's – I made no argument in my motion for summary judgment that there was a retaliatory transfer claim in play or that it should be denied. I did not know, Clark County did not know that Ward was asserting a claim for retaliatory transfer, and why should I? It wasn't in Ward's complaint, and if I had known about it, I would have made an argument in the motion for summary judgment. Jumping ahead a little bit, I also believe that the failure by Ward to allege retaliatory transfer in her complaint also makes it impossible for her to apply the so-called like or reasonably related to doctrine. As you know from reading my brief, I don't believe the doctrine should be applied at all in this case. But even if it were, that doctrine is used to compare the allegations in a complaint filed in district court and see if the allegations in the complaint are like or reasonably related to the allegations in the charge of discrimination. If they are, then in the past the court has typically exercised subject matter jurisdiction. Well, here that's impossible, because there is no reference in either the complaint or in either of the charges of discrimination to any transfer at all, retaliatory or otherwise. Therefore, this like or reasonably related to doctrine cannot be complied, and Ward has failed to exhaust her administrative remedies. Also, this transfer is not an adverse employment action, does not constitute an adverse employment action. Sotomayor, wasn't there some question about whether she had raised this before the agency? Was this the – which agency was this? Was this the EEOC or the State agency? There is. I believe you're referring to an unsigned memo that Ward addressed to Billy Bailey of NERC in March of 2002. Right. And they said something like, don't worry about it, it's in, or something of that sort. Well, that's what Ward says she was told. That document does not constitute a charge of discrimination under the terms of the statute. And there are cases that say that, Callaway, the Pisenberg case and the Bowles case. It doesn't comply with the statute. It's an unsigned document that isn't under oath or affirmation. We've got a statement by Ward that someone over at NERC told her it was okay. That's uncorroborated. That wouldn't be – in other words, that wouldn't be enough to overcome this procedural problem that you've mentioned. I don't believe so, Your Honor. And certainly, certainly neither NERC or the EEOC treated this memo as if it were a charge. Normally, informal advice from someone in the bureaucracy is not sufficient to dispense with formal requirements. I agree, Your Honor. And they never treated it as a charge. You know, this memo was supposedly, we have no confirmation that it was actually ever received by NERC, but assuming that it was, it happened in March of 2002. The EEOC investigation continued on until July of 2003, and then they issued their letter of determination. They don't mention any transfer at all. So there's no indication that it was part of their investigation or that they had any reason to believe that it should be. The record simply doesn't support that. This transfer was not an adverse employment action because when she was transferred to Child Welfare, she retained her identical job title, identical salary, identical salary schedule. Now, she indicated that she didn't want to go, but there – the test is – the test  is that the adverse employment action contains an objective element. And in the Cooper case, this – the Ninth Circuit specifically addressed this very issue, where job title, salary schedule, and salary do not change on a lateral transfer, and the Ninth Circuit ruled that objectively it's not an adverse employment action.  It's not to deter an employee from engaging in a – a protected activity. Also, she didn't exhaust her administrative remedies because after Morgan, a plaintiff must file a charge of discrimination within 30 days after a discreet retaliatory act occurs. War did not do so here, so she has not exhausted her – Right. I think these are all – your points are all quite well fully briefed. Oh, thank you, Your Honor. Do Your Honors have any additional questions? No. There don't appear to be any. Thank you, counsel. Thank you. Have a good day. Thank you. Does anyone have any questions of the panel? No. Thank you. Case just argued is submitted for decision. We'll hear the next case, Garcia v. McKazy.
judges: Schroeder, Leavy, Walker